# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| NICKOLAUS GARCIA, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> CONN APPLIANCES, INC., and § <br> TRUEACCORD, CORP., § <br> Defendants. § | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Nickolaus Garcia files this, his Original Complaint against Defendants Conn Appliances, Inc., ("Conn's Appliances") and TrueAccord Corporation ("TrueAccord") for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (the "FDCA") and the Texas Unfair Debt Collections Act, TEX. FIN. CODE §392, and would respectfully show the Court as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction to grant the relief sought by the Plaintiff pursuant to the Fair Debt Collection Practice Act, 15 U.S.C. §1692, *et seq*., the Texas Unfair Debt Collections Act, TEX. FIN. CODE §392, and 28 U.S.C. §1337.

2. Venue is proper in the Western District of Texas (Austin Division) because the substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action, is situated in this judicial district and division, San Marcos, Hays County is within the Western District of Texas.

## II.
## PARTIES

3. Plaintiff Nickolaus Garcia is a resident of Comal County, Texas and at all times relevant hereto, resides in the city of New Braunfels, Texas. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that the Defendants sought to collect from "any natural person obligated or allegedly obligated to pay any debt incurred for personal, family, or household purposes." 15 U.S.C. § 1692a(5) and is a "consumer" as defined under the Texas Unfair Debt Collections Act as "an individual who has a consumer debt." See TEX. FIN. CODE §392.001(1).

4. Defendant TrueAccord Corporation is a foreign business corporation with two principal offices, one at 303 Second Street, Suite 750 South, San Francisco, California 94107 and one at 16011 College Blvd., Suite 130, Lenexa, Kansas 66219. Its Registered Agent is Incorp Services, Inc., 815 Brazos St., Suite 500, Austin, Texas 78701. TrueAccord is engaged in the business of a collection agency, using the mails (postal and electronic) and telephone to collect consumer debts originally owed to others and incurred for personal, family or household purposes. Defendant TrueAccord is a debt collector as defined in 15 U.S.C. §1692a and a "Third-party debt collector" as defined in TEX. FIN. CODE §392.001(7).

5. Defendant Conn's Appliances, Inc., is a business corporation with its corporate office at 2445 Technology Forest Boulevard, Building 4 – Suite 800, The Woodlands, Texas 77381. Its Director and CEO is Chandra Holt. Defendant Conn's Appliances' registered agent is C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

6. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which money, property, insurance, or services which are the

subject of the transaction are primarily for personal family, or household purposes, whether to not such obligation has been reduced to judgment. *See* 15 U.S.C. §1692a(5).

7. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." See 15 U.S.C. §1692a(6). TrueAccord's website states:

> TrueAccord is the industry-leading recovery and collections platform powered by machine learning and a consumer-friendly digital experience.
>
> TrueAccord is a full-service digital=first debt collection agency.

http://www.trueaccord.com (accessed March 2, 2023).

8. Debt collection practices in Texas must comply with both the FDCPA and the Texas Debt Collections Act (TEX. FIN. CODE §392). A debt collector may not use a fraudulent, deceptive, or misleading representation that employs a practice of using any false representation or deceptive means to collect a debt or obtain information concerning a consumer. TEX. FIN. CODE §392.304.

## III.
## FACTS

9. On or about July 14, 2019, Plaintiff purchased some household items from Conn's Appliances in its San Marcos, Texas store and applied for credit through Conn Credit Corporation, Inc. *See* attached Exhibit A, Promissory Note and Security Agreement (With Arbitration Clause) ("Agreement"). According to the Agreement payments were to start on August 13, 2019. At some point, Plaintiff either fell behind in making payments or failed to make any payments towards his Conn's account.

10. On or about October 28, 2021, Conn Appliances filed an Original Petition[1] with only one cause of action alleging that Plaintiff Garcia breached a contract with Conn's Appliances "by failing to make all required payments under the agreement . . . ." Plaintiff's Original Petition does not make a claim for attorney's fees; however, the Petition does make a claim for damages in the amount of $4,727.77. *See* attached Exhibit B. This matter is still pending before the lower court.

11. On or before November 16, 2021, Defendant Conn Appliances engaged the services of Defendant TrueAccord informing the Plaintiff that according to their records, Plaintiff's outstanding balance was $966.77 with Conn Appliances, Inc. *See* attached Exhibit C. The email from the Defendant, identified itself as a "debt collector." Upon information and belief, the Plaintiff did not receive a debt collection letter from the Defendant regarding the debt as required by the FDCPA.

12. 15 U.S.C. § 1692g(a) requires debt collectors to provide a written notice including certain information to consumers along with, or within five days of, the initial contact with the consumer:

> (a) Notice of debt: Contents
>
> Within five days after the initial communication with a consume
>  in connection with the collection of any debt, a debt collector
> shall, unless the following information is contained in the initial
> communication or the consumer has paid the deb, send the consumer
> a written notice containing----
>
> (1) the amount of the debt:
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after
> Receipt of the notice, disputes the validity of the debt, or any portion
> Thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in
> Writing with the third-day period that the debt, or any portion thereof, is
> Disputed, the debt collector will obtain verification of the debt or a copy
> of a judgment against the consumer and a copy of such verification or

---

[1] Cause No. D321504, *Conn Appliances, Inc. v. Nickolaus J. Garcia*, in the Comal County Justice Court, Precinct 3.

Judgement will be mailed to the consumer by the debt collector; and

(5) a statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and Address of the original creditor, if different from the current creditor.

The disclosures required by 15 U.S.C. §§ 1692g(a)(3) – (5) are colloquially referred to as the "debt validation notice."

13. Upon information and belief, neither Defendant sent a written communication containing the debt validation notice to Plaintiff along with, or within five days. There is no requirement that a consumer make a showing of materiality for a debt collector's failure to comply with 15 U.S.C.§ 1692g(a). *See Janetos v. Fulton Friedman & Gullace*, LLP, 825 F.3d 317, 324 (7th Cir. 2016) ("we have not extended the implicit materiality required of § 1692e to reach claims under § 1692g(a).").

14. From November 16, 2021, to April 8, 2022, the Plaintiff made payments according to the payment plan set up by Defendant TrueAccord. By April 8, 2022, Defendant TrueAccord notified the Plaintiff that his account was paid in full. *See* Exhibit D. Plaintiff, as an unsophisticated consumer, was under the belief that his account with Defendant Conn's Appliances, was paid in full.

15. Defendant TrueAccord represented to the Plaintiff a debt amount of $966.77 which differs from Defendant Conn Appliance's amount of $4,727.77 in the pending district court case. *See* attached Exhibit B. If Conn Appliances were to prevail in its case in the lower court, Plaintiff Garcia would be liable to Conn's Appliances for a difference of $3,761.00.

## IV.
## COUNT I: FDCPA - 15 U.S.C. §1692

16. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

17. "In order to prevail on a FDCPA claim, the plaintiff must prove the following: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt

collector as defined by the FDCPA; and (3) the defendant has engaged in an action or omission prohibited by the FDCPA." *See Steward v. Alonzo*, No. C-08-347, 2009 WL 174938, at *2 (S.D. Tex. Jan. 26, 2009)(citations omitted); *Reynolds v. Medicredit, Inc.*, No. 5:18-CV-99-XR, 2019 WL 266974, at *3 (W.D. Tex. Jan. 18, 2019) (quoting *Douglas v. Select Portfolio Servicing, Inc.*, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015). As noted above, Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3). See ¶ 1, above. As apparent by Defendant TrueAccord through its communications with the Plaintiff and on its website, Defendant TrueAccord is a "debt collector" as defined in ¶ 6, above. Finally, Defendant TrueAccord engaged in multiple actions prohibited by the FDCPA as outlined below.

18. Defendant TrueAccord did not provide the debt validation notice or information of the right to dispute the debt as required by 15 U.S.C. §1692g(a) along with, or within five days of, the initial communication. It is Plaintiff's information and belief that neither Defendant TrueAccord, or Defendant Conn's Appliances, provided him with a debt validation notice or afforded him the opportunity to dispute the amount.

**COUNT II: FDCPA - 15 U.S.C. §1692**

19. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

20. In connection with the collection of a debt, the Defendants directly or indirectly used false, deceptive, or misleading representations or means, in violation the FDCPA, 15 U.S. 1692e, including, but not limited to having used false representations concerning the amount of a debt owed by the Plaintiff. See §807.

21. "A single violation of any provision of the act is sufficient to establish civil liability under the FDCPA. Section 1692k of the Act establishes civil liability for 'any debt collector' who fails to

comply with any provision of this title [15 U.S.C. Section(s) 1692 *et seq*.]." *See Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997), *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993.).

**COUNT III: TEXAS UNFAIR DEBT COLLECTIONS ACT - TEX. FIN. CODE §392**

22. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

23. Based on the misrepresentation by Defendant TrueAccord, it set up a payment plan and Plaintiff began making payments towards the balance. From November 2021 until the balance was paid in full in April 2022, Defendant Conn Appliances did not object, correct, or adjust the balance provided by TrueAccord to the Plaintiff. "A collection notice or balance statement misstating the amount owed on a debt constitutes a misleading assertion regarding the amount of that debt under the TDCA." *See Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 632 (N.D. Tex. 2010) and *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 475 (S.D. Tex. 2012).

24. Should Conn Appliance's claims against the Plaintiff based on its Original Petition in the lower court case prevail, the Plaintiff would incur damages in the amount of $3,761.00 due to Defendant Conn Appliance's misrepresentation of the balanced owed. Defendant TrueAccord also misrepresented the character, extent, or amount of a consumer debt in violation of TEX. FIN. CODE §392.304(a)(8) by notifying the Plaintiff that his balance was $966.77.

**V.
JURY DEMAND**

25. Plaintiff hereby demands a trial by jury on all issues and defenses in this case.

# VI.
# ATTORNEY'S FEES

26. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

27. Pursuant to 15 U.S.C. § 1692k, request is made for all costs and reasonable and necessary attorney's fees incurred by Plaintiff herein, including all fees necessary in the event of an appeal of this case, as the Court deems equitable and just.

28. Under Sec. 392.403, Plaintiff is entitled to actual damages sustained as a result of a violation of this chapter as well as attorney's fees reasonably related to the amount of work performed and costs if the action is successfully maintained.

# VII.
# DAMAGES

29. Plaintiff seeks all damages allowed under the law, including monetary relief, and:

(a) actual damages;

(b) statutory damages of $1,000.00 under 15 U.S.C. § 1692K(2);

(c) attorney's fees, litigation expenses and costs of suit;

(d) prejudgment interest; and

(d) such other or further relief as the Court deems proper.

# VIII.
# PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant be cited to appear and, that upon a trial on the merits, that all relief requested be awarded to the Plaintiff, and for such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

David K. Sergi & Associates, P.C.
329 S. Guadalupe St.
San Marcos, Texas 78666
Phone: (512) 392-5010
Fax: (512) 392-5042

By: */s/ David K. Sergi*
David K. Sergi
Texas Bar No. 18036000
Email: david@sergilaw.com

ATTORNEY FOR PLAINTIFF